IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE.

Gbeke M. Awala

CIVIL NO. 06-12

vs.

8 U.S.C. Section 1326          BPAILCA(2005 HR.4437)(1996)
Policy regarding re-entry.     U.S. vs Armstrong, 517 US 456
Border Patrol /Act of Congress. 42 U.S.C. § 1983.
U.S. Constitution.             28 U.S.C. § 1331

RECEIVED
JAN - 4 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BP scanning

## COMPLAINT

COMES NOW, the Plaintiff, MR. Gbeke Michael Awala, appearing Pro Se, respectfully moves the District Court Pursuant to the Fed. R. Civ. P. Rule 3 (Commencement of Action); a Civil action arising under the Constitutional laws of the United States, regarding the federal Prosecutorial Policy; rise to the level of Article III Injury and Controversy, as adopted regarding reentry under 8 U.S.C. §1326, as the Government accused MR. Awala, In the Presence of Clear evidence to the Contrary, the Plaintiff here alleges a "discriminatory effect" and Infallable Proof Can be ascertained by any reasonable factfinder, to discern how Such Policy is "motivated by a discriminatory Purpose," Particularly to the Plaintiff, he reentered the United States with Permission or Constructive or Joint Consent of the Attorney General, and the entry Purpose and Intent was to Permitt evidentiary showing to create a genuine Issue of material fact, alleging that a claim of U.S. Citizen emanated to the U.S. Consolate,

1-4
- Border Protection Antiterrorism and Illegal Immigration Control Act of 2005
- excluding U.S. Birth of persons by undocumented Parents.        HR.443

the Ghana and Nigeria, as proven forbids this prosecution as charged, as his birth was in the United states and means that the Plaintiff is an American Citizen.

I. In the meantime, the Statute on attack by the Plaintiff related only to Reentry of deported Alien Predicated upon Conviction of aggravated felon offenses, and the alleged statute is Improperly applied to Plaintiff, other Indicia Standard of Proof to the Contrary exist, to make this action ripe for Judicial Review based on its discriminatory effect. Therefore, Title 8 U.S.C. Section 1326 is viewed by the Plaintiff In linght of all relevant Precedent on federal Laws or any decisi of the Supreme Court, facially unconstitutional, not Just as applied, it has by direct, distinct and Palpable manner disrupts the Plaintiff Mr. Gbeke Michael Awala's Statutory and Constitutional Right under Title under the Alien and Nationality Act embracing U.S. Nationality by BIRTH and Restoration of U.S. Citizen, Based on failure to meet Physical Presence in the United States over decades. Therefore, the Plaintiff has met the demanding Standard of Proof applicable, warranting an evidentiary hearing, dependend entirely on the Plaintiff Records and U.S Constitutional 14th Amend (equal Protection Clause); Since Statutes Providing relief are directly forseeable under the Alien and Nationality Act and Prompt resolution of these Constitutional questions is not against governmental Interest. The Court should permitt this Case to Proceed Nothwithstanding any defect or Bald assertion. For this reason, the Plaintiff have Standing to sue even on the Context of Overbroad Statute as applied to him 8 U.S.C. §1326. Finally, Plaintiff is under Imminent danger of Adverse Judgment

Dated: 1/02/06

Respectfully Submitted.

Gbeke M. Awala Prose
SCCF, 125 Cemetery Road
Woodstown, NJ 08098

2-4