IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GBEKE MICHAEL AWALA,<br><br>    Plaintiff,<br><br>    v.<br><br>8 U.S.C. SECTION 1326, BORDER<br>PATROL ACT OF CONGRESS, and<br>U.S. CONSTITUTION,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civ. No. 06-012-KAJ<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Plaintiff Gbeke Michael Awala ("Awala"), Reg. #82074-054, filed this action over the federal prosecutorial policy regarding reentry of removed aliens under 8 U.S.C. § 1326. Awala proceeds *pro se* and requests leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 1, 2) Awala is currently an inmate at the Salem County Jail, Woodstown, New Jersey.

Under 28 U.S.C. § 1915(g), a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this is if the prisoner is in imminent danger of serious physical injury. A prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

Regardless of whether a prisoner proceeds *in forma pauperis* in a civil case, if at

1

any time the prisoner's case is dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, the dismissal will count against the prisoner for purposes of the three-dismissal rule in 28 U.S.C. § 1915(g).  In *Keener v. Pennsylvania Bd. of Probation & Parole*, 128 F.3d 143 (3d Cir. 1997), the Court held that dismissal as frivolous prior to the Prisoner Litigation Reform Act's enactment count towards the "three strikes" rule.

According to court records, Awala has filed, while a prisoner, at least twenty civil actions in various federal courts.  *See Awala v. Delta Air Lines*, No. 1:05-CV-2128-JEC (N.D.Ga. Aug. 31, 2005).  More than three of these cases were dismissed as frivolous or for failure to state a claim upon which relief may be granted:
*Awala v. Wachovia* Corp., No. 05-3381 (3d. Cir. Dec. 8, 2005); *Awala v. People Who Want to Restrict Our First Amendment Rights*, No. 05-3863 (3d Cir. Dec. 8, 2005); *Awala v. Delaware River and Bay Auth. Police Dep't*, No. 05-97-KAJ (D. Del. Dec. 15, 2005); *Awala v. State of New Jersey Dep't of Corrections*, No. Civ.A. 05-2362FLW (D.N.J. Aug. 23, 2005); *Awala v. Federal Pub. Defender*, No. 05-CV-281-KAJ (D.Del. Aug. 5, 2005).

Therefore, Awala may not file another civil action *in forma pauperis* while incarcerated unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  His complaint does not meet that standard.

The motion for leave to proceed *in forma pauperis* (D.I. 1) is DENIED.  However, Awala is given thirty (30) days from the date of this order to pay the $250.00 filing fee.

If Awala does not pay the filing fee within that time, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE

January 19, 2005
Wilmington, Delaware