IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GBEKE MICHAEL AWALA,

    Plaintiff,

Vs.

8 U.S.C. SECTION 1326, BORDER
PATROL ACT OF CONGRESS, and
U.S. CONSTITUTION.

    Defendants.

Civil No. 06-012-KAJ

FILED
FEB 21 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

MOTION FOR SUMMARY JUDGMENT

MOTION FOR RECONSIDERATION OF IN FORMA PAUPERIS STATUS UNDER TITLE

28 U.S.C. SECTION 1915 et seq.        CD scanned

Plaintiff, Mr. Gbeke Michael Awala, an American Citizen, Born in the United States of America, was then a United States Citizen, nevetheless, lost his U.S. Citizenship as a result of his failure to be present in the United States from the years between 1971 through 1977 and subsequently returned in 1993, after through some act of indicent to the extent was removed from the United States, thereafter, he confirmed his U.S. Citizenship Status prior to the above divisions in wisdom and in truth after carefully evaluating what the CONSTITUTION can reasonably recognize as Circumstantial Evidence and proof that he was in fact Born in the United States of America, therefore, secured and protected under the U.S. Constitutional 14th Amendment, in all utterance and all knowledge even as the testimony he gave on stand confirmed according to the law that he did not reenter the United States of America nor cross the border to enter the United States without an official restraint or called he had a CONSENT to reenter the United States, and therefore, cannot be

found guilty nor found guilty beyond a reasonable doubt of the alleged offense so attributed to the plaintiff by the Governments/Act of congress, therein creating a fatal divisions and offenses contrary to the doctrine which the plaintiff learned pursuant to INA SEction 324, 8 U.S.C. 1435(a) "requiring any person formerly a Citizen of the United States (2) on or after September 22, 1922, lost United States Citizenship by any reason, such as in the instant case the plaintiff said he was born in the United States for reasons beyond his own power and control was abducted or transported to Africa, after a threat to be placed in a Foster care, due to gross Negligence by his Biological Mother Dorcas C. Brown on/or around 1977, in New York City, Brooklyn, East New York Apartment after the wrongful death or shot to death his biological father in Chicago Robert Taylor Homes. Therefore, the plaintiff is blameless and his testimony is true and correct and must be accepted, similarly cannot be held nor detained nor convicted and imprisoned in violation of Title 8 U.S.C. Section 1326 et seq. Nevertheless, the plaintiff understanding the Law and reasonably joined his contentions, and now say that, his evidence of his child Baptisim, Circumcision and other palpable treatment as a child prior to attaining age 7years, are evidence of his birth in the United States, thus, he reasonably belives he his An American Citizen and must be free from official restraint, or stumbling block from his Constitutional rights to adequately and sufficiently declare his intent to Naturalize his U.S. Citizenship to which the Government has no reasonable grounds to infer or conclude he his not a U.S. Citizen and/or whether he had Naturalize himself with other country, because the plaintiff met all requirement in compliance with the Congressonal provisions enacted to entertain the plaintiff. Therefore, the plaintiff should not be treated differ from another persons, who have had the same problem and therefore was allowed or permited the offscouring of all things alleged by the plaintiff, therefore deliberate indiference is a DISCRIMINATION.

In support thereof Petitioner states as follows:

**TABLE OF CONTENT**

(a). JURISDICTION OF THE COURT-PERSONAL AND SUBJECTMATTER

(b). STATEMENT OF THE ISSUES

(c). STATEMENT OF CLAIM

(d). OTHER STATUTORY AND CONSTITUTIONAL PROVISIONS

(e). RELIEF SOUGHT

(f). CLOSING STATEMENT

(g). CLOSING PRAYER

### (A). JURISDICTION OF THE COURT

The court have Jurisdiction by a subject-matter of the leading criminal case, that gave rise to the above civil case or an action under a Federal Question pursuant to U.S.C. 1331 and in light of Titles 28, including Sections 1983, of Title 42 seeking an equitable relief and a permanent injuction and estoppel as it is found reasonable and sufficient to allege such remedies and sought the opinion of the court, because the plaintiffs case in chief is extraordinary, and not barred by tolling timing, herein can adequately proceed in equitable tolling, and his claim his relatively substantial to outweight any procedural default from a deportation hearin which he had no counsel or Sixth Amendment privileges to have been able to redress the issues in sincerity and in truth, or the court can just receive the issues as a Newly discovered Evidence so probative and predicate on point in light of the Fed.R.Evi. Rule 807..If the court best serve the admission..that the plaintiff reasonably believes he his an American Citizen and cannot be held liable under Title 8 U.S.C. Section 1326 et seq...According to the case law..In U.s. V. De La Pava, 268 F.3d 157(2d Cir. 2001) (Only an alien needs permission of the Attorney General to reenter the United States) see also in U.S. v. Morales-Puga, 187 F. Supp. 2d 685 (S.D. Tex. 2002)(A certain circumstances the Attorney General consented to the alien's reapplying for admission). Therefore, no violation where re-entry was with Attorney General's consent.

Waiver of Appeal to deportation was not considered inteligent and his due process right was violated. U.S. v. Arrieta, 224 F.3d 1076 (9th Cir. 200).

4.

Therefore the court can so consider the issues presented and the issues refiled expeditedly. See also Max-George v. Reno, 205 F.3d 194 (5th Cir. 2000)(Congress could repeal or supercede statute, as basis for deported alien to obtain judicial review of propriety of his removal following his conviction of aggravated felony, without violating either the Suspension Clause or constitutional due process guarantees U.S.C.A.. Const. Art. 1, Sec 9, cl. 2. Amends. 5, 14).

**FIFTH Amendment Provision:** Construing INA to bar discretionary relief to aliens in deportation proceedings, but not those in exclusion proceedings, violated equal protection Clause guaranteed by the Fifth Amendment. Wallace v. Reno, 39 F.Supp 2d 101 (D. Mass. 1999).

There are two sources of citizenship, and two sources only, birth and naturalization. Miller v. Albright, 118 S Ct. 1428, 140 L. Ed. 2d 575 (U.S. 1998). Here, Awala was born and a U.S. Citizen.

The District court for the District court of Delaware has ample Jurisdiction and power to hear issues presented and compel the delegated implementators of the alleged challenged statutes to respond or file any position contrary to the point the plaintiff had asserted herein. See also Nagahi v. I.N.S., 219 F.3d 1166 (10th Cir. 2000)(Congress did not delegate to INS the authority to regulate the scope of judicial power, nothwithstanding Attorney General's authorization to naturalize persons and to establish rules and regulation necessary for carrying out that authority).

5.

## (B). STATEMENT OF THE ISSUES

Uncorroborated or contradicted testimonies, therefore incredible lead to the conviction of a man who reasonably represents himself to establish his U.S. Citizenship, failed because of his inaccess to his paper work to indicate what sort of evidence makes **Mr. Awala** reasonably believed that he his in fact a U.S. Citizen by Birth and cannot be coerced or forced to be imprisoned under the Act of Congress the plaintiff resonably chalenges. Accordingly, Application to enter the United States must be made in person..Title 8 of the Code of federal Regulations was reorganized in 2003 to reflect the transfer of function of the Immigration and Naturalization Service to the Department of Homeland Security. <u>8 C.F.R. 235</u> was redesignated <u>8 C.F.R. Part 1235</u>, except for <u>8 C.F.R Section 235.7</u>. The plaintiffs arrival at the port-of entry was admissible, the documentation presented his birth records, Hospital Records and Baptismal and Circumsicion certificate family portrate and his entry and stamped at the passport and the Border Partrol' consent to which the plaintif gained access into the United States upon his arrival at the Baltimore Airport, while the Government agent await him and received him and accepted his N-400 Applications, waiver and other relevant documents on January 1, 2004, at the U.S. Baltimore Airport, thus, the authorities failed to trigger the application , the application was made in person by **Mr. Awala, <u>in conformity with all legal and relevant provisions and good faith standing</u>**. Nevertheless, the failure by the Border patrol is hereby construed by the plaintiff has a way to develop a criminal charges against him, thought malicious and arbitrary and discriminatory against the faith of his U.S. Citizenship claim, therefore, hinders, fataly injured his reputation, domestically within the United States, as the NEWS Reported it in Delaware. the con-

6.

viction displays tactics employed for impermissible grounds˙

### (C).   STATEMENT OF CLAIM

The whole records reflects the type of statutory and constitutionaly claim the plaintiff soughts and the type of redress and remedies legally efficient to sustain the claim.  That the plaintiff be relieved from the prosecution and conviction contended discriminatory against the plaintiff, since the plaintiff was robbed of/or document theft, as can be compatable to Hobbs Act and its element the court should not have rejected the plaintiffs contention and consider the facts provided in Title 8 C.F.R. Section 287.5(a)(2), as amended in 2003, authorizes **Immigration officers** to administer oaths and take and consider evidence concerning the privilege of any person to enter, reenter, pass through, or reside in the United States. Border Patrol's Functional Equivalency is defined.

### (D).   CONSTITUTIONAL PROVISIONS

In exercise of its broad power over naturalization and Immigration Congress may make rules as to aliens that would be unaceptable if applied to citizens. Demore v. Hyung Joon Kim, 123 S Ct. 1708, 155 L Ed. 2d 724, 187 A.L.R. Fed. 633 (U.S. 2003).

Here, for the longest time how many time as the plaintiff remembers his grand-mother in Carrol City Miami-Dade County, when they will attends the Antioch Missionary Baptist Church and his Grand-Mother MaMa Jessie T Brown offered him $2.oo, to place in the church offerings I mean by and by O when the saints are matching on...How many times will I remember Fulton Street in Brooklyn when my Father and mother and all will shop and I'll be given Money to buy Ressee'es pieces candy, often $1.00, ooh I rememmber all now...and all the Georgia Songs....Midnight train to Georgia...can noby do me like Jesus....I remmember that too..Ill take you there..

7.

ooh I remmember my fathers cadillac, black car...drop top..in chicago, therefore, this case adequately pleaded that there are laws that applies to Aliens that cannot be applied to citizens, and the plaintiff cannot be treated distinguishly or distinctly nor persecuted, simply because he contended against the imperishable crown effective under his **Fifth**, and **Fourteenth Amendment U.S. Constitution**.

In Miller v. Albright, (cited supra)(The applicant instead sought a declaration that statute was unconstitutional and a finding by court that she was a citizen from birth. (Per Justice Stevens, with the Chief Justice concurring, and Four Justices concurring in judgment).

Now the plaintiff also sought the same review as the court in Albright entertained her wish, and the court should also grant the plaintiff the equal protection clause without prejudice.

### (E)   RELIEF SOUGHT

Effect of INS(Homeland Security Service) misconduct resulted in unavailability of Documents.   See also Pimental-Aguirre v. INS, 7 Fed. Appx. 783 (9th Cir. 2001)(where she did not present evidence of deliberate lies or a pattern of false promises). In that case the Alien sought EQUITABLE ESTOPPEL:

Here, **Mr. Awala, sought equitable estoppel**, against the INS **(homeland Security, ICE and Border Patrol)**.   see also Valencia-de-Fajardo v. INS, 7 Fed. Appx. 756 (9th Cir. 2001)( The INS was equitably estopped). Therefore, for the foregoing reasons and all records I urged the court to grant a permanent injunction against the service, because this court is the only great and effective source to strongly raised corruption and prejudice. Therefore, I pray the court grant so and any other relief deemed fit and proper as applicable to the plaintiff individually. Most notably release from its consequences.

8.

Your Honor an alien was contemplated innocent and accorded a great defference even though he was only seeking a discretionary relief prior to been deported which cannot equitably withstand or outweight the plaintiff (Awala) claiming a Citizenship, and how then is this not discriminatory if that Alien was reviewed in light of a discretionary relief and Alien privileges. U.S. v. Gonzalez-Roque, 165 F.Supp 2d 577 (S.D.N.Y. 2001)(He would have succeeded in obtaining an adjustment of status if his completed I-130 form had been presented to the Immigration Judge, and once alien status had been adjusted, there would be no findings of any basis or grounds for deportation).

Here, your honor, Honorable Reese did not offer the plaintiff any reasonable opportunity to artinuate his U.S. Citizenship claim although the plaintiff only assessed a reasonably foreseability type claim not---knowing by actual or contructive knowledge, however, the great gulf was already created with the use of the plaintiffs aliens File, therefore, the plaintiff was deprived all knowing or knowledge of fact essential to his Nationality isseus presented during the deportation Hearing.

On January 18, 2006, the Jury returned a guilty verdict against the plaintiff criminal 04901-KAJ, the plaintiff however finds that there was insufficient evidence to support the conviction for violating Title 8 U.S.C. Section 1326 et seq, proof was not predicate of a distinct and factual elements. See United States v. Jones, 418 F.2d 818, 824 (8th Cir. 1969)(There was no evidence presented from which the jury could find that the plaintiff was not a U.S. Citizen)(citation of that case was--by any means, knew that the principal was armed or intended to use a weapon).

9.

Morever the court should liberraly judge the pleading by accepting all---as true and draw any factual findings that can reasonably control the courts objectives that there is infact in jury and the alleged injury is fearly treaceable in the records, therefore, accept, and grant the plaintiff the God grace privileges to procceed in in forma pauperis, in light of the court in Abdul Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001)(imminent danger).

The court should also respectively agree with the plaintiff that the issue is worth certification and the case is ripe for a Judicial Review. See Barmo v. Reno., E.D.Pa 1995) 899 F.Supp. 1375(U.S. Citizen's challenge to constitutionality of statute barring approval of visa petition on behalf of her husband).

### (F).    CLOSING STATEMENT

Foregoing reasons and in expeditious court business the plaintiff sought the undiable assistance by the U.S. Marshall to serve upon the Government the summons under Fed.R.Civ. P. Rule 4(a)(c)(2).   CITIZEN "A person born in a country to which he or she owes allegiance and is entitle to full civil rights (U.S. Citizen)..is suject to the right treatment..I am entitled to that fairly and adequate treatment.  Grace and peace.

### (G).    CLOSING PRAYER

Greet one another with a holy kiss. The salutation with my own hand--If anyone does not love his fellow americans is a cursed and provides for a challenge of the constitutionality of our constitution. The Grace of Jesus Christ rules. .....

10

Submitted under penalty of perjury to be true and correct.

## CONCLUSION

The plaintiff finally urge the court to move accordingly, pursuant to the Fed.R.Civ. P. Rules 56(a) and Rule 57(Declaratory Judgment) under Title 28 U.S.C. Section 2201.  In the interest of Justice.

Dated. 2/14/06

Respectfully submitted,

GBEKE MICHAEL AWALA, Pro Se
No. 82074-054
Federal Detention Cene
P.O. Box 562
Philadelphia, PA 19105

Hon. Kent A. Jordan.
cc. Office of the clerk

11.

## All Transactions

🖨 PRINT

| | | | | |
|---|---|---|---|---|
| Inmate Reg #: | 82074054 | Current Institution: | | Philadelphia FDC |
| Inmate Name: | AWALA, GBEKE | Housing Unit: | | 6 SOUTH |
| Report Date: | 11/16/2005 | Living Quarters: | | F03-617U |
| Report Time: | 8:39:45 AM | | | |

| Date/Time | User Id | Transaction Type | Amount | Ref# | Payment# | Balance |
|---|---|---|---|---|---|---|
| 11/7/2005 10:55:34 AM | PHL0669 | Debt Encumbrance | ($5.00) | FPHLD807 - 176 | | |
| 11/2/2005 8:49:32 AM | PHL0669 | Photo Copies | ($5.00) | JV0008 | | $6.40 |
| 11/1/2005 2:07:53 AM | AMSERVICE | PLRA Payment | $0.00 | 6PHLD711 | D119 | $11.40 |
| 11/1/2005 2:07:53 AM | AMSERVICE | Debt Encumbrance - Released | $5.00 | 6PHLD712 - 57 | | |
| 11/1/2005 2:07:53 AM | AMSERVICE | Debt Encumbrance - Released | $5.00 | 6PHLD711 - 56 | | |
| 10/25/2005 9:37:54 AM | PHL9059 | Sales | $0.00 | 40 | | $11.40 |
| 10/16/2005 2:07:09 AM | AMSERVICE | Photo Copies | ($1.20) | 6PHLD685 | | $11.40 |
| 10/16/2005 2:07:09 AM | AMSERVICE | Photo Copies | ($0.30) | 5PHLD674 | | $12.60 |
| 10/16/2005 2:07:09 AM | AMSERVICE | Photo Copies | ($2.00) | 5PHLD666 | | $12.90 |
| 10/16/2005 2:07:09 AM | AMSERVICE | Photo Copies | ($0.60) | 5PHLD661 | | $14.90 |
| 10/16/2005 2:07:09 AM | AMSERVICE | Photo Copies | ($1.00) | 5PHLD646 | | $15.50 |
| 10/16/2005 2:07:09 AM | AMSERVICE | Photo Copies | ($3.50) | 5PHLD542 | | $16.50 |
| 10/16/2005 2:07:09 AM | AMSERVICE | Photo Copies | ($3.00) | 5PHLD532 | | $20.00 |
| 10/16/2005 2:07:09 AM | AMSERVICE | Photo Copies | ($2.00) | 5PHLD497 | | $23.00 |
| 10/16/2005 2:07:09 AM | AMSERVICE | Debt Encumbrance - Released | $1.20 | 6PHLD685 - 65 | | |
| 10/16/2005 2:07:09 AM | AMSERVICE | Debt Encumbrance - Released | $0.30 | 5PHLD674 - 64 | | |
| 10/16/2005 2:07:09 AM | AMSERVICE | Debt Encumbrance - Released | $2.00 | 5PHLD666 - 63 | | |
| 10/16/2005 2:07:09 AM | AMSERVICE | Debt Encumbrance - Released | $0.60 | 5PHLD661 - 62 | | |
| 10/16/2005 2:07:09 AM | AMSERVICE | Debt Encumbrance - Released | $1.00 | 5PHLD646 - 61 | | |
| 10/16/2005 2:07:09 AM | AMSERVICE | Debt Encumbrance - Released | $3.50 | 5PHLD542 - 60 | | |
| 10/16/2005 2:07:09 AM | AMSERVICE | Debt Encumbrance - Released | $3.00 | 5PHLD532 - 59 | | |
| 10/16/2005 2:07:09 AM | AMSERVICE | Debt Encumbrance - Released | $2.00 | 5PHLD497 - 58 | | |
| 10/15/2005 5:56:00 AM | AMSERVICE | Debt Encumbrance | ($1.40) | 6PHLD691 - 66 | | |
| 10/15/2005 5:56:00 AM | AMSERVICE | Debt Encumbrance | ($1.20) | 6PHLD685 - 65 | | |
| 10/15/2005 5:56:00 AM | AMSERVICE | Debt Encumbrance | ($0.30) | 5PHLD674 - 64 | | |
| 10/15/2005 5:56:00 AM | AMSERVICE | Debt Encumbrance | ($2.00) | 5PHLD666 - 63 | | |
| 10/15/2005 5:56:00 AM | AMSERVICE | Debt Encumbrance | ($0.60) | 5PHLD661 - 62 | | |
| 10/15/2005 5:56:00 AM | AMSERVICE | Debt Encumbrance | ($1.00) | 5PHLD646 - 61 | | |
| 10/15/2005 5:56:00 AM | AMSERVICE | Debt Encumbrance | ($3.50) | 5PHLD542 - 60 | | |
| 10/15/2005 5:56:00 AM | AMSERVICE | Debt Encumbrance | ($3.00) | 5PHLD532 - 59 | | |
| 10/15/2005 5:56:00 AM | AMSERVICE | Debt Encumbrance | ($2.00) | 5PHLD497 - 58 | | |
| 10/15/2005 5:56:00 AM | AMSERVICE | Debt Encumbrance | ($5.00) | 6PHLD712 - 57 | | |
| 10/15/2005 5:56:00 AM | AMSERVICE | Debt Encumbrance | ($5.00) | 6PHLD711 - 56 | | |
| 10/15/2005 5:56:00 AM | AMSERVICE | Lockbox - CD | $25.00 | 70143301 | | $25.00 |
| 10/14/2005 8:17:05 AM | PHL9059 | Sales | $0.00 | 23 | | $0.00 |
| 10/7/2005 9:42:10 AM | PHL1592 | Sales | $0.00 | 87 | | $0.00 |
| 8/16/2005 6:27:25 AM | SENTRY | Transfer - In from TRUFACS | $0.00 | TX081605 | | $0.00 |
| 7/6/2005 4:46:29 AM | SENTRY | Transfer - Out to TRUFACS | $0.00 | TX070605 | | $0.00 |

11/16/2005

## Account Balances

| | |
|---|---|
| Account Balance: | $6.40 |
| Pre-Release Balance: | $0.00 |
| Debt Encumbrance: | $6.40 |
| SPO Encumbrance: | $0.00 |
| Other Encumbrances: | $0.00 |
| Outstanding Negotiable Instruments: | $0.00 |
| Administrative Hold Balance: | $0.00 |
| Available Balance: | $0.00 |
| National 6 Months Deposits: | $25.00 |
| National 6 Months Withdrawals: | $18.60 |
| National 6 Months Avg Daily Balance: | $1.85 |
| Local Max. Balance - Prev. 30 Days: | $11.40 |
| Average Balance - Prev. 30 Days: | $8.99 |

http://140.1.65.16/umr/InmateInquiryCombined.aspx

Gbeke M. Awala
No. 82074-054
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19106

Hon. Kent A Jordan
Office of the Clerk
United States District Court
844 N. King St
Lockbox 18
Wilmington, DE 19801-35