IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GBEKE MICHAEL AWALA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-012-KAJ |
| | ) |
| 8 U.S.C. SECTION 1326, BORDER | ) |
| PATROL ACT OF CONGRESS, and | ) |
| U. S. CONSTITUTION, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

### I.  INTRODUCTION

Plaintiff Gbeke Michael Awala ("Awala"), is a *pro se* litigant who is currently incarcerated at the Federal Detention Center in Philadelphia, Pennsylvania. At the time he filed his complaint (D.I. 2), Awala was incarcerated at the Salem County Correctional Facility in Woodstown, New Jersey. Awala filed this action pursuant to 42 U.S.C. § 1983 and was denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 because in the past he has filed at least three actions that were dismissed as frivolous, malicious, or for failure to state a claim. (D.I. 3.)  On January 19, 2006, he was ordered to pay the $250 filing fee within thirty days or the complaint would be dismissed. *Id.*  Rather than pay the filing fee, Awala moves for reconsideration of the "three strikes" order and also moves for summary judgment. (D.I. 4.)

### II.  STANDARD OF REVIEW

The standard for obtaining relief under Rule 59(e) is difficult for Awala to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909

(3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F.Supp. 1109, 1122 (E.D. Pa.1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker,* 735 F.Supp. 1239, 1240 (D.Del.1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA,* 735 F.Supp. at 1241 (D.Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

### III. DISCUSSION

Awala filed this lawsuit against a statute, an act of Congress and the U.S. Constitution. Rather than argue why the Court should reconsider its "three strikes" order, Awala argues the merits of his case.

A plaintiff may not file another civil action *in forma* pauperis while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 311 (3d Cir.

2001). This means that "imminent danger" is measured at the time the complaint is filed, not at the time of the alleged incident. *Abdul-Akbar v. McKelvie*, 239 F.3d at 311.

Awala does not argue there was an intervening change in the controlling law or the availability of new evidence that was not available when I issued my order, or that there is a need to correct a clear error of law or fact. The allegations in the complaint do not indicate that Awala was in "imminent danger" at the time he filed the complaint. Notably, Awala has not demonstrated any of the grounds necessary to warrant reconsideration, and therefore, I will deny his motion.

### IV.  MOTION FOR SUMMARY JUDGMENT

Awala filed this lawsuit pursuant to 42 U.S.C. § 1983 against inanimate entities. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The evidence and all reasonable inferences are drawn in favor of the non-moving party. *MBIA Ins. Corp. v. Royal Indem, Co.*, 426 F.3d 204, 209 (3d Cir. 2005).

To state a viable § 1983 claim, a plaintiff must allege facts showing a deprivation of a constitutional right, privilege or immunity by a person acting under color of state law. See *Daniels v. Williams*, 474 U.S. 327, 330 (1986). The named defendants are not "persons" and are not amenable to suit. Clearly, Awala's complaint is frivolous. See *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Awala has no viable cause of action. Accordingly, his motion for summary judgment (D.I. 4) is denied, and the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## V.    CONCLUSION

IT IS HEREBY ORDERED that:

1. The motion to reconsider (D.I. 4) is DENIED.

2. The motion for summary judgment (D.I. 4) is DENIED.

3. The complaint is DISMISSED WITHOUT PREJUDICE for failure to timely pay the $250 filing fee in violation of the Court's January 19, 2006, order, and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

4. For the reasons set forth in this memorandum order, the Court discerns no good-faith basis for an appeal. See 28 U.S.C. § 1915(a)(3).

_____
UNITED STATES DISTRICT JUDGE

March 16, 2006
Wilmington, Delaware